Emma Stevenson, Appellee, v. Avery Coal and Mining Company, Appellant.

1. PRACTICE—*when refusal of special interrogatory not error.* It is not error for the court to refuse a special interrogatory as follows: "If the jury find their verdict for the plaintiff, they will please state under which count or counts of the declaration they so find."

2. EVIDENCE—*what competent as tending to show unlawful attempt to influence witness.* A letter written to a prospective witness by an attorney for one of the parties, if properly identified and proven, is competent if it contains substantially an offer of a contingent interest in the litigation.

3. EVIDENCE—*competency of pleadings.* One may properly introduce his adversary's pleadings in evidence against him, and the fact that they have been condemned on demurrer, superseded by others, or withdrawn from the issues, does not affect either their competency or their relevancy.

4. INSTRUCTION—*when instruction does not authorize consideration of abandoned counts.* An instruction which refers to the "plaintiff's declaration or some count thereof" does not authorize consideration by the jury of counts abandoned.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Perry county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

PERCY WERNER, for appellant; B. W. POPE and WISE & McNULTY, of counsel.

WEBB & WEBB and A. R. DRY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case in the Circuit Court of Perry county, by appellee against appellant to recover damages sustained by reason of the death of appellee's husband, in an explosion alleged to have been caused by wilful violation of the Mines and Miners Act, by appellant, while the deceased was in its service as a shot-firer, in one of its mines. Trial by jury. Verdict and judgment in favor of appellee for $2,000.

The declaration originally consisted of seven counts, each charging a wilful violation of certain provisions of the Mines and Miners Act. The first charged violation of the provision with respect to furnishing sufficient air currents; the second charged the opening up of rooms in advance of the air current and a failure to maintain cross-cuts; the third charged failure to sprinkle, spray or clean the roadways; the fourth charged failure to sprinkle the hauling roads; the fifth charged failure to give proper instructions to the miners with respect to keeping their powder in metallic boxes, at proper distance from the track, and from

each other; the sixth charged that appellant allowed blasting powder to be stored in one of the entries; and the seventh charged that appellant allowed the miners to keep their powder exposed in an entry. At the opening of the trial appellee withdrew the fifth, sixth and seventh counts, and at the close of appellee's evidence in chief, the court excluded the first count. The trial proceeded to a conclusion on the second, third and fourth counts.

Counsel in due time and in due form moved the court to direct the jury to return a verdict in favor of appellant. The court denied their motion, and counsel insist this was error. They base this contention upon three propositions: That a shot-firer employed under the Act of 1905, providing for "Shot-Firers in Coal Mines" does not come within the protection of the general mining act; that the deceased had violated "the statute under which he was acting thereby contributing directly to his own injury," and that the violation of the statute charged in the declaration was not the proximate cause of the injury and death of deceased. We regard all three of these propositions as conclusively settled, against the contentions of appellant, by the very recent decision of our Supreme Court, in the case of Davis v. Illinois Collieries Company, 232 Ill. 284 (290).

Counsel further insist that the court erred in refusing to exclude the second count of the declaration, and in this same connection it is urged that the court erred in refusing to submit to the jury, as a special interrogatory, the following: "Interrogatory 1. If the jury find their verdict for the plaintiff, they will please state under which count or counts of the declaration they so find." Neither of these grounds, in our judgment, is well based.

As we understand counsel's contention, their motion for an instruction directing the jury to disregard the second count of the declaration is based on section 50, chapter 110, Starr & Curtis's statutes, 1896, on the

ground that the count was "faulty," as counsel contend, and did not state a cause of action. We hold as above stated, that a shot-firer does not come within the protection of the Mines and Miners Act, and we are of opinion that count states a case under that Act.

And with respect to the alleged special interrogatory, we do not understand the proposition presented to be an interrogatory within the meaning of that term as used in the Practice Act. It is nothing more than a request for an instruction directing the jury, in case they find for the plaintiff, to state in their verdict under which count or counts of the declaration they so find. As we understand the practice in this state, a court may, in its discretion, give such an instruction under some circumstances, but it is never error to refuse to give it.

During the trial appellant produced a witness who identified a letter apparently written upon a sheet of letter paper of one of appellee's attorneys. At the top of the sheet was printed the name, business and address of the attorney, and his name was signed to it. The witness testified that he had received the letter in due course of mail. In the letter was a statement as follows: "I will also say as their attorney, that I will personally stand good for your expenses and in case we win I will see that you are well paid for your time and trouble." Appellant offered this letter in evidence, under the rule that any proper evidence tending to prove that a party or his agent had attempted to suborn or corrupt a witness may be given against him. To the introduction of this letter counsel for appellee objected, the court sustained the objection, and excluded the letter. Upon what ground the court sustained the objection does not appear, for the objection was a general one, and the court gave no reason in support of the ruling. The statement in the letter, we think, might well have been understood by the party who received it to be a direct offer of a contingent interest in the result of the suit, as an induce-

ment to him to appear as a witness and testify favorably to appellee. We are of opinion that the letter tends to prove an attempt to corrupt the witness, and if it had been properly identified it should have been admitted in evidence, subject, of course, to any proper explanation. However, the letter was not properly identified. There was no attempt to prove the handwriting or signature, nor who placed it in the mail, nor any other fact connected with it, except what is above disclosed.

In an introductory statement we have noted, that "at the opening of the trial appellee withdrew the fifth, sixth and seventh counts of her declaration." Appellant offered these withdrawn counts in evidence, and the court, upon appellee's objection, excluded them. This we think was error. We understand the law and practice in this state to be, that one may properly introduce his adversary's pleadings in evidence against him, and the fact that they have been condemned on demurrer, superseded by others, or withdrawn from the issues, does not affect either their competency or their relevancy. They go in under the rule as to admissions and subject to any and all proper explanations, as in other cases of admissions.

Counsel challenge appellee's 6th instruction. Our opinion as to the objections raised to this instruction fully appears in what we have stated above with respect to the application of the statute to this class of cases, the conduct of deceased, and proximate cause. That is, in substance, that appellant's propositions are all foreclosed by the decision of the Supreme Court in Davis v. Illinois Collieries Co., above cited.

Counsel contend that appellee's 9th instruction is erroneous, because it refers to "plaintiff's declaration or some count thereof," and they say: "The jury was here authorized to find a verdict under the abandoned counts, and the count excluded by the court." This position is not warranted. The "abandoned counts" were withdrawn at the commencement of the trial and

did not go to the jury, nor is there anything in the record to indicate that the jury ever knew that such counts had been filed; and as to the count excluded by the court the jury were instructed as follows: "The court instructs the jury that there is no evidence to support the first count of plaintiff's amended declaration, and you will therefore disregard it in arriving at your verdict."

For the errors above noted the judgment of the Circuit Court is reversed and the cause is remanded.

*Reversed and remanded.*